IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SAMUEL M. JAMES,

    Plaintiff,

v.                           Civil Action No. 3:14cv827

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on: DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (Docket No. 27); DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (Docket No. 30); PLAINTIFF'S MOTION TO SET A TRIAL DATE (Docket No. 33); PLAINTIFF'S MOTION FOR REVIEW (Docket No. 34); Plaintiff's MOTION TO STRIKE AND SET A TRIAL DATE (Docket No. 37); and Plaintiff's SECOND MOTION FOR REVIEW (Docket No. 40). For the reasons that follow, the DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (Docket No. 30) will be granted. The other motions will be denied as moot.

## FACTUAL BACKGROUND

On various occasions, Plaintiff Samuel M. James ("James") has been a patient at the Veterans Affairs Medical Center in

Virginia ("VAMC") for various treatments since at least 1974.[1] James's complaint arises out of the medical care provided by the healthcare providers employed by the Department of Veterans Affairs (the "DVA"). He filed this action under the Federal Tort Claims Act ("FTCA"). Count I alleges that the DVA employees improperly rated his disability status under 38 U.S.C. § 1155. Counts II and III allege claims of medical malpractice.

In Count I, James alleges that, in 1973, the DVA healthcare providers failed to "perform required medical tests and evaluations to determine [Plaintiff's] medical condition as required under 38 U.S.C. 1155." Docket No. 8 at 1. According to James, those employees breached a duty to assist pursuant to 38 U.S.C. § 5103(d)(1) and those failures resulted in improper disability rating that led to financial hardship and bankruptcy. Id. James seeks to recover damages. Id. In Count II, James alleges that the DVA healthcare providers committed medical malpractice between 2002 and 2010 by negligently prescribing an excessive dosage of hypertension medication. See Id. at 2. In Count III, James claims that DVA healthcare providers committed medical malpractice by incorrectly diagnosing him with chronic

---

[1] Although James merely stated that he was under the treatment of the federal government in his complaint, Defendant's memoranda and previous filings by James indicate that he was a patient of the VAMC in Virginia. See Docket No. 27 at 1-2; Docket No. 31 at 1-2; Case No. 3:13CV861, Docket No. 3 at 1.

obstructive pulmonary disease and negligently prescribing steroids since 2002. See Id. at 3. Says James, the steroids caused further health issues and seeks to recover damages. Id.

## PROCEDURAL BACKGROUND

James, proceeding *pro se*, filed two SF-95 Administrative Tort Claims with the DVA. James filed the first SF-95 on October 25, 2011 seeking $37,000 in damages for improper deductions and co-payment charges allegedly caused by a disability rating in 1975. See Docket No. 8-1. James filed the second SF-95 on December 18, 2013. See Docket No. 8-2 (undated version); Docket No. 28-2 (dated version). The record is unclear as to the result of these claims, James only states in his complaint that Defendant "exhausted the time constraints under *Title 28 § 2672*." See Docket No. 8 at 1.[2]

In 2013, James filed a complaint alleging substantially the same claims that appear in the current Complaint.[3] The former action was dismissed for lack of subject matter jurisdiction and

---

[2] 28 U.S.C. § 2672 authorizes federal agencies to settle civil claims against them, but does not specify any time constraints.

[3] Counts I of both Complaints allege a breach of a duty to assist arising out of an incident with the VAMC on March 3, 1975; Counts II of both Complaints allege that DVA doctors overprescribed medication causing swelling of James's feet; Counts III of both Complaints claim that he experienced harm due to steroids prescribed to him by DVA doctors for a negligent diagnosis of COPD. Compare Case No. 3:13CV861, Docket No. 3 at 2-3 with Case No. 3:14CV827, Docket No. 8 at 1-3.

failure to state a claim upon which relief may be granted. <u>See</u> Case No. 3:13CV861, Docket No. 18. The Fourth Circuit affirmed on November 20, 2014. <u>See</u> Case No. 3:13CV861, Docket No. 21.

On December 8, 2014, three weeks later, James filed the Complaint in this case. <u>See</u> Docket No. 8 at 4. Defendant filed separate motions to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. James did not file responses to Defendant's motions, but did file a Motion to Set a Trial Date on August 7, 2015 and a Motion for Review on August 14, 2015. Defendant filed memoranda in opposition to James's motions on August 18, 2015.

## DISCUSSION

### A. Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

#### 1.   Standard of Review

Because Defendant has filed both a Motion to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)6), the challenge to subject matter jurisdiction asserted in the motion under Rule 12(b)(1) must be addressed first. <u>Sucampo Pharms., Inc. v. Astellas Pharma, Inc.</u>, 471 F.3d 544, 548 (4th Cir. 2006) (citing <u>Ruhrgas AG v. Marathon Oil, Inc.</u> 526 U.S. 574, 583 (1999)).

The burden is on the plaintiff to prove that subject matter jurisdiction exists. Piney-Run Preservation Ass'n v. Cnty. Comm'rs of Carrol Cty., 523 F.3d 453, 459 (4th Cir. 2008). James has made no effort to meet this burden and the motion to dismiss for lack of jurisdiction could be granted for that reason alone.

Nonetheless, considering that James is proceeding *pro se*, the Court will examine the question under settled principles of law. The United States has sovereign immunity from suits absent an express waiver. United States v. Dalm, 494 U.S. 596, 608 (1990); Welch v. U.S. 409 F.3d 646, 650-51 (4th Cir. 2005). Waivers of sovereign immunity must be "strictly construed…in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996). Therefore, "it is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists, and that none of the statute's waiver exceptions apply to his particular claim." Welch, 409 F.3d at 651; see also Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

## 2.  Analysis

Defendant presents two arguments to support its contention that there is a lack of subject matter jurisdiction. First, Defendant argues that, as to Count I, "exclusive jurisdiction is vested in the United States Court of Appeals for Veterans Claims." Docket No. 31 at 3. Second, Defendant argues that there

is a lack of subject matter jurisdiction over Counts II and III (and Count I if it is intended to be a medical malpractice claim) because James failed to comply with the Virginia Medical Malpractice Act. Id. at 5. Both arguments are valid. The Court lacks subject matter jurisdiction herein and will grant the MOTION TO DISMISS FOR LACK OF JURISDICTION (Docket No. 30).

> **(i)  Exclusive jurisdiction over Count I is vested in the United States Court of Appeals for Veterans Claims**

To begin, it is necessary to determine what it is that James alleges in Count I.   In that count, James expressly invokes 38 U.S.C. §§ 1155, 5103(d)(1) and repeatedly mentions the DVA's statutory duties. Thus, even though Count I sometimes sounds as if it is a malpractice claim, it is clear from the text of the Complaint, read as a whole, that Count I is based in statute, specifically the DVA's authority to assign disability benefit ratings, and does not sound in common law medical malpractice.

It is settled that the United States has not waived sovereign immunity for claims regarding the DVA's benefit decisions. James's claim relies on 38 U.S.C. § 1155 which authorizes and requires the Secretary of the DVA to develop "a schedule of ratings of reductions in earning capacity from specific injuries or combinations of injuries." 38 U.S.C. §

6

1155. 38 U.S.C. § 511 provides that the Secretary of the DVA "shall decide all questions of law and fact…that affects the provision of benefits by the Secretary to veterans…the decision of the Secretary…shall be final and conclusive and may not be reviewed by any other official or by any court…" 38 U.S.C. § 511(a). The Secretary has designated the Board of Veterans Appeals (BVA) to make the decisions required of the Secretary. 28 C.F.R. § 20.101(a).

To provide a mechanism for appeal of a decision made by the BVA, Congress vested jurisdiction to consider appeals in the United States Court for Appeals for Veterans' Claim under the Veterans' Judicial Review Act. 28 U.S.C. § 7104(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions by the Board of Veterans Appeals.").

Here, Count I clearly falls within the jurisdiction of the BVA and, thence on appeal, to the United States Court of Appeals for Veterans Claims because James is seeking relief for an improper benefit decision made under 38 U.S.C. § 1155. Therefore, the Court of Appeals for Veterans Claims has exclusive jurisdiction.

Further, in the previous case between James and Defendant, wherein James alleged substantially the same first three counts in his complaint, the Court granted Defendant's motion to

dismiss for lack of subject matter jurisdiction on Count I because exclusive jurisdiction for the claim rested in the United States Court of Appeals for Veterans Claims. <u>See</u> Case No. 3:13CV861, Docket No. 18. The Fourth Circuit affirmed the order on November 20, 2014. <u>See</u> Case No. 3:13CV861, Docket No. 21. There has been no material change in the law that confers jurisdiction on this Court. Therefore, this Court lacks subject matter jurisdiction over Count I of the Complaint.  It will be dismissed without prejudice to any right that James may yet have to proceed in the proper forum.

### (ii) James Failed to Comply With the Virginia Medical Malpractice Act

Defendant claims that there is a lack of subject matter jurisdiction under the FTCA for Plaintiff's medical malpractice claims. A 12(b)(1) motion to dismiss is proper because "[t]he FTCA is jurisdictional in nature, therefore the Court is required to consider whether the facts of this case bring it within the statute." <u>Bell v. United States</u>, 2011 U.S. Dist. LEXIS 95824 *3 (E.D. Va. 2011) (dismissing a medical malpractice claim for lack of jurisdiction because the plaintiff failed to obtain a certificate of merit). Accordingly, if the facts of the case do not support a conclusion that the United States has waived its sovereign immunity under the FTCA, there is no subject matter jurisdiction.

Under the FTCA, the United States has agreed to a waiver of sovereign immunity for specific personal injury claims that result from negligence where the government would be liable "to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. When there is a waiver, a plaintiff must comply with the terms and conditions of the waiver or their suits are barred by sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586-87 (1941).

Virginia law applies in this case because liability may only be found "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Virginia Medical Malpractice Act ("VMMA") requires a plaintiff alleging medical malpractice to obtain an expert certificate of merit before serving process on a defendant unless the claim does not require expert testimony because the subject matter is within the common knowledge and experience of the jury. Va. Code § 8.01-20.1. The exception to the certificate of merit requirement applies only in rare circumstances, such as when a foreign object is left in a patient's body. See e.g. Easterling v. Walton, 208 Va. 214, 218-19 (1967). Expert testimony is usually necessary to establish the applicable standard of care and determine whether the alleged malpractice was a deviation from the standard of care. See Coston v. Bio-Med Applications of

9

Virginia, Inc., 275 Va. 1, 5 (2008). When required, the failure to obtain a certificate of merit is "fatal" to a medical malpractice claim. See Parker v. U.S., 475 F. Supp. 2d 594, 597 (E.D. Va. 2007).

After James served the complaint, Defendant requested the required certificate of merit on April 17, 2015. See Docket No. 31-1. James responded on April 23, 2015 claiming that the certificate was not required because the claims were within the common knowledge and experience of the jury. See Docket No. 31-2.

Here, the claims are not within the common knowledge and experience of a jury. Counts II and III are predicated on medical malpractice and grounded in allegations that the doctors deviated from the standard of care in the profession. Count II alleges that a DVA doctor deviated from the standard of care by negligently overprescribing medication which caused swelling. Count III depends on whether the Plaintiff's DVA doctor complied with the standard of care in diagnosing and prescribing medications for COPD. Neither claim is within the common knowledge or experience of a jury as each claim deals specifically with the standard of care provided by DVA doctors. Therefore, Virginia Law requires James to obtain an expert certificate of merit.

10

Absent the requisite certification, a medical malpractice claim cannot proceed because the United States waived sovereign immunity under the FTCA for medical malpractice claims only to the extent that the claim can advance under state law. Here, James has not obtained the required certificate, and his claims cannot proceed in this Court under the FTCA. Thus, the Court lacks subject matter jurisdiction under the FTCA over Counts II and III. Those Counts will be dismissed without prejudice to whatever rights James may have upon securing the requisite certification.

## CONCLUSION

For the foregoing reasons, the DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (Docket No. 30) will be granted. Count I of the Complaint against the United States of America is hereby dismissed without prejudice to whatever rights James may have to proceed in the proper forum. Counts II and III of the Complaint are hereby dismissed without prejudice. The Court hereby grants James leave to file an Amended Complaint compliant with the requirements of Va. Code § 8.01-20.1 if he can do so, provided that he files any such Amended Complaint by December 31, 2015. Accordingly, DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

(Docket No. 27),[4] PLAINTIFF'S MOTION TO SET A TRIAL DATE (Docket No. 33), PLAINTIFF'S MOTION FOR REVIEW (Docket No. 34), MOTION TO STRIKE AND SET A TRIAL DATE (Docket No. 37) and SECOND MOTION FOR REVIEW (Docket No. 40) will be denied as moot.

The Clerk is directed to send a copy of this Memorandum Opinion to the plaintiff.

It is so ORDERED.

_____ /s/   R E P

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date:  October 28, 2015

_____

[4] The denial is without prejudice to the assertion of any grounds for dismissal, including the bar of the statute of limitations, asserted in that motion if James files an Amended Complaint.