

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMUEL M. JAMES,

      Plaintiff,

v.                                    Civil Action No. 3:14cv827

UNITED STATES OF AMERICA,

      Defendant.


## MEMORANDUM OPINION

This matter is before the Court on the MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (Docket No. 49) and on the Supplement to Amended Complaint (Docket No. 48-2) which the Court construes to be a Motion for Leave to Add Count IV. For the reasons set forth below, the defendant's MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (Docket No. 49) is granted, the plaintiff's Motion for Leave to Add Count IV (Docket No. 48-2) will be denied, and this action is dismissed.


## BACKGROUND

Samuel M. James ("James"), proceeding pro se, initiated this action in December of 2014 seeking to recover $5,000,000.00

in damages.[1]   The claims asserted by James arise out of interactions with the Department of Veterans Affairs and involve the health care that he has received from the Veterans Affairs Medical Center ("VAMC") in Richmond, Virginia.   By MEMORANDUM OPINION and ORDER dated October 29, 2015 (Docket Nos. 41 and 42), the Court granted the defendant's motion and dismissed this action for lack of subject matter jurisdiction.   More specifically, the Court dismissed Count I of James's Complaint because Count I asserted a claim challenging his veterans' benefit disability rating and exclusive jurisdiction over such a claim is vested in the Board of Veterans Appeals and, if appealed, the United States Court of Appeals for Veterans Claims.   Counts II and III, which asserted medical malpractice claims, were dismissed because James had failed to comply with the Virginia Medical Malpractice Act by obtaining a certificate of merit as required by Va. Code § 8.01-20.1.   The dismissal of Counts II and III was without prejudice to the filing of an Amended Complaint to correct that deficiency, if that could be done.

Thereafter, James filed an Amended Complaint (Docket No. 48).   Attached thereto was the Supplement to Amended Complaint

---

[1] Previously, the Court dismissed a substantially similar action filed by James (Civil Action. No. 3:13cv861).  See ORDER, Docket No. 18 in that case.

(Docket No. 48-2).   In the Amended Complaint, James resubmitted Count I virtually without change and dropped Counts II and III. In the proffered Supplement, James proposed to add Count IV. The defendant seeks dismissal of Counts I for lack of subject matter jurisdiction and to deny James leave to add Count IV.[2]

**DISCUSSION**

**A.   Count I**

As noted above, Count I was previously dismissed for lack of subject matter jurisdiction (MEMORANDUM OPINION and ORDER, Docket Nos. 41 and 42, respectively).   Count I of the Amended Complaint presents the identical claim, and, for the reasons set forth in the MEMORANDUM OPINION (Docket No. 41) entered previously herein, the motion to dismiss Count I under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is granted.

---

[2] When the United States filed its Motion to Dismiss this action, James was noticed as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K) of this Court.   The date upon which James's response was due was 21 days from the date on which the motion was filed, or February 10, 2016.   James filed no response and the motion could be granted for that reason alone.   However, the Court considers it appropriate to address the substance of the motion because it involves subject matter jurisdiction and an unusual proffer of a new count against an entity not named as a defendant.

## B.   Count IV

James proposes to add Count IV, notwithstanding that the Order permitting amendment (Docket No. 42) did not permit James to add any counts to his complaint.   It merely allowed him to amend Counts II and III, if James could satisfy the prerequisites for doing so.   Instead, James elected to abandon Counts II and III.

The proposed new count, Count IV, is against a defendant named Anderson Financial Services, LLC Loanmax ("Anderson Financial") and is brought under the Federal Truth In Lending Act, 15 U.S.C. § 1601 et seq.   Count IV asserts nothing by way of a claim against the United States, and thus Count IV is improperly before this Court.   Accordingly, because Count IV states no claim against the only defendant herein (the United States), Count IV is dismissed for failure to state a claim upon which relief can be granted against the United States.   Fed. R. Civ. P. 12(b)(6).   Insofar as James purports in proffered Count IV to sue an entity that was not originally a party to this action, he is denied leave to add that defendant because whatever claims James may have against Anderson Financial are unrelated to this action, the subject matter of which has nothing to do with the allegations in Count IV.   Further, the Motion for Leave to Add Count IV is denied as a violation of the

4

limited right of amendment accorded under the Court's previous ORDER (Docket No. 42).

## CONCLUSION

For the foregoing reasons, the DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (Docket No. 49) will be granted, James will be denied leave to add Count IV as proffered in the Supplement to Amended Complaint (Docket No. 48-2), and this action will be dismissed.[3]

The Clerk is directed to send a copy of this Memorandum Opinion to the plaintiff.

It is so ORDERED.

                                    /s/          REP
                         _____
                         Robert E. Payne
                         Senior United States District Judge


Richmond, Virginia
Date: March  10 , 2016

---

[3] James is admonished that, he risks the imposition of sanctions, by way of fine, imprisonment or fees and costs if he persists in refiling or otherwise pursuing any aspect of Count I in this Court.  Further, James is admonished that the filing of other frivolous complaints such as he has pursued in this case in Counts II and III and in proffered Count IV also can lead to the imposition of sanctions.